UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GARCIA,<br>Plaintiff,<br>v.<br>WCAB SAN FRANCISCO,<br>Defendant. | No. 2:26-cv-02253-TLN-SCR<br><br>ORDER |

Plaintiff Michael Garcia is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff has filed a motion to proceed in forma pauperis ("IFP") which provides information as to income, assets, and expenses and avers that he is unable to pay the costs of this proceeding. ECF No. 2. The motion to proceed IFP will therefore be granted. However, for the reasons provided below, the Court finds Plaintiff's complaint is legally deficient and will grant Plaintiff leave to file an amended complaint.

## I. SCREENING

### A. Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In

reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Erickson*, 551 U.S. at 94. However, the court need not accept as true legal conclusions, even if cast as factual allegations. *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to

state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

B. <u>The Complaint</u>

Plaintiff's complaint appears to name three Defendants. The caption names only WCAB San Francisco, whereas the "parties" portion of the complaint lists two individuals, who appear to be administrative law judges.[1] Plaintiff alleges this is a claim under 42 U.S.C. § 1983 and asserts violation of the 1st, 4th, 5th, 6th, 9th, 13th, and 14th Amendments. *Id*. at 4. The entire factual recitation of Plaintiff's complaint is: "Denial to redress my government denied medical treatment ex parte communications support assault." *Id.* at 5. Plaintiff alleges this occurred in June 2026. *Id*. Plaintiff seeks $500 million in damages. *Id*. at 6.

C. <u>Analysis</u>

As an initial matter, it appears that venue may be improper in this District. Under 28 U.S.C. § 1391(b), venue is proper in:

**(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

**(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

**(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

////

[1] Federal Rule of Civil Procedure 10(a) requires the caption to "name all the parties". In the amended complaint, Plaintiff should include all parties in the caption and in the "parties" section of the amended complaint.

All three Defendants appear to be located in San Francisco,[2] which is in the territory of the U.S. District Court for the Northern District of California. However, Plaintiff does not allege where the individual defendants reside. Plaintiff's factual allegations are too vague to ascertain whether a "substantial part of the events or omissions giving rise to the claim" occurred in this District, but presumably they would have occurred where Defendants are located. In any amended complaint, Plaintiff shall properly allege a basis for venue. If Plaintiff fails to do so the action will be dismissed pursuant to 28 U.S.C. § 1406(a).

The complaint fails to state a claim or to put Defendants adequately on notice of the claims against it. The allegations are conclusory. There is no description of the facts at issue. The causes of action are not properly pled. Rather, Plaintiff just lists several provisions of the Constitution without explaining how his rights were violated. A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

If Plaintiff is asserting a claim under § 1983, he must describe the constitutional or federal statutory right allegedly infringed. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). The elements of a claim under § 1983 are: 1) that the defendants were acting under color of state law; and 2) that defendants deprived plaintiff of rights secured by the Constitution or federal statutes. *Benavidez v. County of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021).

It may also be that the Defendants named in this action are immune from a claim for monetary damages. It appears the Defendants are a state agency and two administrative law

[2] Plaintiff does not describe what WCAB is, but he may be referring to the Workers' Compensation Appeals Board.

judges. See *Demoran v. Witt*, 781 F.2d 155, 156 (9th Cir. 1985) ("judicial immunity has been extended to federal hearing officers and administrative law judges"); *Sato v. Orange Cnty. Dep't of Educ*., 861 F.3d 923, 928 (9th Cir. 2017) (explaining that agencies of the state are immune under the Eleventh Amendment from private damages or suits for injunctive relief brought in federal court).

The Court concludes the complaint fails to state a claim and fails to comply with Rule 8 in that it does not put Defendants adequately on notice of the claims against them. Under 28 U.S.C. § 1915(e), the Court "shall dismiss the case at any time" if it fails to state a claim on which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. However, Plaintiff is proceeding pro se and a pro se litigant should be given leave to amend unless it is absolutely clear that the deficiencies cannot be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Plaintiff has not alleged sufficient factual content to state a claim. However, given the vagueness and brevity of the factual allegations, rather than recommending dismissal of the action, the undersigned will provide Plaintiff an opportunity to amend the complaint to allege facts supporting a cognizable cause of action.

## II. AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, it must contain a short and plain statement of Plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way.

The amended complaint must not force the Court or the Defendant to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior

pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Pacific Bell Tel. Co. v. Linkline Communications, Inc*., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff's amended complaint must address the issues set forth herein. Plaintiff must allege facts establishing a basis for venue in this District. Plaintiff must allege how his constitutional rights were violated, merely referencing a Constitutional amendment, such as "4th amendment", as Plaintiff did in the original complaint is not sufficient to state a claim. Plaintiff must allege enough facts in support of his claims to state a claim to relief that is plausible on its face.

## III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.
2. Plaintiff **shall have 30 days from the date of this order** to file an amended complaint that addresses the defects set forth above. If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.
3. Alternatively, if Plaintiff no longer wishes to pursue this action, Plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

SO ORDERED.

DATED: August 24, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE