UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL GARCIA,

Plaintiff,

v.

WCAB SAN FRANCISCO,

Defendant.

No. 2:26-cv-02253-TLN-SCR

FINDINGS AND RECOMMENDATIONS

Plaintiff is proceeding pro se and accordingly this matter is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). The Court previously granted Plaintiff leave to proceed in forma pauperis and screened the complaint. ECF No. 3. The Court found the complaint legally deficient and granted Plaintiff leave to amend. Plaintiff has not filed an amended complaint, and the Court now recommends the action be dismissed for the reasons set forth in the prior screening order.

**I. Background and Procedural History**

Plaintiff filed this action on June 25, 2026, and the complaint alleged federal jurisdiction based on 42 U.S.C. § 1983. ECF No. 1. Plaintiff also filed a motion to proceed in forma pauperis. ECF No. 2. On August 24, 2026, this Court issued an order pursuant to 28 U.S.C. § 1915 screening the complaint and granting leave to proceed IFP. ECF No. 3. The screening

order advised Plaintiff that the very brief complaint, which contained one sentence of factual allegations, failed to comply with Rule 8 and did not put Defendants adequately on notice of the claims against them. ECF No. 3 at 4-5. The Order also found that Plaintiff had not alleged a proper basis for venue, and that it appeared the proper venue was the Northern District of California. *Id*. at 3-4. The Order explained federal pleading standards and the deficiencies with the complaint. *Id*. at 2-5. The Court allowed Plaintiff 30 days to file an amended complaint and cautioned: "If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed." *Id.* at 6. The amended complaint was due September 23, 2026, and no amended complaint was filed.

**II. Analysis**

As set forth in the prior screening order, Plaintiff's one sentence of factual allegations is conclusory and fails to state a claim. Plaintiff has not alleged sufficient factual content to state a claim. Additionally, Plaintiff appears to have filed the action in the wrong venue, and Plaintiff was cautioned that if he did not file an amended complaint with adequate allegations to establish venue, then "the action will be dismissed pursuant to 28 U.S.C. § 1406(a)." ECF No. 3 at 4. Under § 1406(a), the Court has discretion to dismiss or transfer the action, and here the Court finds dismissal is appropriate. The complaint clearly fails to state a claim, Plaintiff has refused to amend, and thus it would not be in the interests of justice or judicial efficiency to transfer the action.

Plaintiff was allowed leave to amend. Plaintiff did not file an amended complaint. Accordingly, the Court recommends the action be dismissed without leave to amend. *See Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("when a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad").

**III. CONCLUSION**

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's Complaint and this action be dismissed for the reasons set forth herein and in the prior screening order (ECF No. 3); and

2. The Clerk be directed to enter Judgment and close this file.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 5, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE